IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TEDDY BATES                                                                                    PLAINTIFF

vs.                                      Civil No. 4:15-cv-04090

CAROLYN W. COLVIN                                                                         DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Teddy Bates ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability applications on September 11, 2012 (DIB) and on September 17, 2012 (SSI).  (Tr. 10).  In his applications, Plaintiff alleges being disabled due to shoulder problems, back problems, and leg problems.  (Tr. 245).  Plaintiff alleges an onset date of August 9, 2010.  (Tr. 10).  These applications were denied initially and again upon reconsideration.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The transcript pages for this case are referenced by the designation "Tr."

1

(Tr. 56-131).

Thereafter, Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted. (Tr. 30-55). Plaintiff's administrative hearing was held on March 7, 2014 in Texarkana, Arkansas. *Id.* Plaintiff was present and was represented by counsel at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Ms. Parker[2] testified at this hearing. *Id.* At this hearing, Plaintiff testified he was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (SSI) and 20 C.F.R. § 404.1563(c) (DIB). (Tr. 32). As for his level of education, Plaintiff testified he had obtained his GED and also completed some vocational training. (Tr. 32-33).

After this hearing, on May 23, 2014, the ALJ entered an unfavorable decision denying Plaintiff's applications. (Tr. 7-25). The ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2015. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 9, 2010, his alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: lumbar degenerative disc disease, degenerative two left shoulder surgeries and right shoulder rotator cuff tear, knee degenerative joint disease, diabetes mellitus, depression, anxiety, and organic mental impairment. (Tr. 12-15, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15-17, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 17-23, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed

---

[2] The first name of "Ms. Parker" was not included in the transcript.

limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> The residual functional capacity produced by the medically determinable impairments permits the lifting of 10 pounds occasionally, and to frequently lift and/or carry less than 10 pounds, and to walk and stand for 2 hours in an 8 hour workday, and sit for 6 hours in an 8 hour workday, as defined by the regulations at 20 CFR §404. The claimant cannot climb, use ladders, ropes, scaffolds or crawl. The claimant can occasionally balance, stoop, bend, squat, kneel, and crouch. The claimant should avoid reaching overhead and can frequently but not constantly handle and finger. The claimant can make simple work related decisions, and has the ability to understand, carryout, and remember short and simple tasks and instructions. The claimant requires nonpublic work, and requires minimal coworker or supervisory interaction.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW. (Tr. 23-24, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 24-25, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Specifically, the VE testified that, given Plaintiff's RFC and other limitations, a hypothetical person would be able to perform the requirements of two unskilled, sedentary jobs: (1) order clerk with 185,000 such jobs in the nation and 3,200 such jobs in Arkansas; and (2) change account clerk with 180,000 such jobs in the nation and 4,300 such jobs in Arkansas. (Tr. 24). Based upon this testimony, and because Plaintiff retained the capacity to perform these occupations, the ALJ determined Plaintiff had not been under a disability (as defined in the Act) from August 9, 2010 through the date of his decision or through May 23, 2014. (Tr. 25, Finding 11).

Plaintiff then requested the Appeals Council's review of the ALJ's unfavorable decision, and

the Appeals Council denied Plaintiff's request for review. (Tr. 1-3). Thereafter, on September 16, 2015, Plaintiff filed the present appeal with this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 17, 2015. ECF No. 5. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In his appeal brief, Plaintiff raises one issue for reversal.  ECF No. 11 at 4-20.  Specifically, Plaintiff claims the ALJ erred in finding his impairments did not meet or equal the requirements of one of the Listings.  *Id.*   In his briefing on this issue, Plaintiff also raises another issue: whether the ALJ properly evaluated his subjective complaints.  ECF No. 11 at 16-20.  Upon review, the Court

5

finds the ALJ's evaluation of his credibility and his subjective complaints is not supported by substantial evidence in the record, and this case must be reversed and remanded. Accordingly, the Court will only address this argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead of complying with *Polaski* and considering the *Polaski* factors, the ALJ only focused upon whether Plaintiff's subjective complaints were supported by his medical records. (Tr. 18-23). Indeed, the ALJ entirely missed the point of *Polaski* and determined Plaintiff's subjective complaints could not be valid if they were not supported by his medical records:

> In this case, the claimant appears to be sincere and genuine regarding the pain and limitations she[4] [he] states she [he] experienced with the medical impairments. But perception alone does not satisfy the two step analysis required by SSR 96-7p. If one <u>solely</u> relied upon the claimant's own perception of functional ability, there would be no need for a disability determination (citations omitted). The disability evaluation covers the entire subjective <u>and</u> objective record.

(Tr. 21) (emphasis in the original).

Notably, the ALJ entirely ignored his responsibility to consider Plaintiff's subjective complaints in the context of the *Polaski* factors and not simply discount those complaints because there was no medical support for them. *See Polaski,* 739 F.2d at 1322 (holding a claimant's

---

[4] According to the transcript and Plaintiff's medical records, Plaintiff is a male, but it appears the ALJ improperly characterized him as a female.

7

subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ misapplied the relevant law and provided no valid reason for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[5]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of June 2016.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[5] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.